E-FILED
Wednesday, 21 October, 2026 01:18:44 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| **RODERIC T. HODGE JR.,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 25-3353** |
| | ) | |
| **J. SNEED *et al.*,** | ) | |
| **Defendants.** | ) | |

**ORDER**

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is a Complaint (Doc. 1) filed by Roderick T. Hodge, Jr., who is detained at the Jerome Combs Detention Center ("JCDC").

## I. Screening Standard

Plaintiff's Complaint is before the Court for merit review under 28 U.S.C. § 1915A, which requires the Court to "screen" the pleading and identify and dismiss any legally insufficient claim or the entire action if warranted. A claim is defective if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. The Court accepts Plaintiff's factual allegations as true and construes them liberally in his favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. Facts Alleged

Plaintiff estimates that in late November or early December 2023, he delivered a check to the Pembroke Township ("Township") Water Department Clerk J. Sneed and applied for "General Assistant Funds" offered by the Township, in the presence of Township Supervisor Samual Payton. (Doc. 1 at 5.)

Plaintiff asserts that on December 11, 2023, Defendant J. Sneed directed Township Water Department employees Anthony L. Brown, George Smith, and Alex Steele "to completely remove the … water service equipment and ground cover" of the residential property Plaintiff intended to vacate, which Plaintiff acknowledges he does not own. (*Id*. at 5-6.) Plaintiff claims that Defendants Brown, Smith, and Steele did not identify themselves, and the vehicle used did not have any Township markings. After Defendants refused Plaintiff's demand to leave, a "personal" vehicle driven by Brown was damaged. (*Id*. at 6.) Plaintiff was arrested and charged with criminal damage to government-supported property by Kankakee County State's Attorney Jim Rowe. (*Id*.)

In response to the December 11, 2023, incident, Sheriff's Deputies S.M. Adams, M. Banuelos, and Michael Luft appeared with "loaded assault rifles and falsified reports and suppressing evidence." (*Id*. at 7.) Plaintiff notes he was arrested on December 15, 2023, by Defendant Deputy Sheriff T. Berns "without warrant or probable cause." (*Id*.) Plaintiff further claims that Kankakee County, Office of the Circuit Clerk, Office of the Public Defender, and the Office of the State's Attorney "refused to provide any remedy" regarding the return of the property seized during his arrest, which Plaintiff described as

a "vehicle, work-related equipment and information." (*Id*. at 7.) Plaintiff names County Circuit Clerk Sandra Cianci for hiding his filed Motion for Hardship.

**III. Analysis**

The Court takes judicial notice of the online docket in Kankakee County case Nos. 23CF879 and 23CF880, both of which were filed on December 21, 2023. *See* Tyler Odyssey Portal, https://portal.k3county.net/Portal/, (search for Hodge, Roderic T.) (last visited October 14, 2026); *see also Daniel v. Cook County*, 833 F.3d 728, 742 (7th Cir. 2016) ("Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts.").

In case 23CF879, the State of Illinois ("State") charged Plaintiff with criminal damage to government property of less than $500 (count I) and more than $500 (count III), aggravated assault against a government employee with a weapon (count II), and aggravated assault using a deadly weapon (rifle) (count IV) for events that took place on December 11, 2023. In case 23CF880, the State charged Plaintiff with theft of more than $500 (count I) and less than $500 (count II) for events that took place on December 15, 2023. The state court docket shows that the last hearings in cases 23CF879 and 23CF880 were held on September 9, 2026, when the court determined that Plaintiff's continued detention was necessary and continued both cases pending a psychological evaluation.

"The Fourth Amendment protects individuals 'against unreasonable searches and seizures.'" *Matz v. Klotka*, 769 F.3d 517, 522 (7th Cir. 2014) (citing U.S. Const. amend. IV). "'False arrest' is shorthand for an unreasonable seizure prohibited by the Fourth Amendment." *Gibbs v. Lomas*, 755 F.3d 529, 537 (7th Cir. 2014) (quoting *Gonzalez v. Village*

*of W. Milwaukee*, 671 F.3d 649, 655 (7th Cir. 2012)). "Ordinarily seizures are 'reasonable' only when supported by probable cause to believe an individual has committed a crime." *Matz*, 769 F.3d at 522 (7th Cir. 2014). "[T]he test under the Fourth Amendment is whether the seizure was objectively reasonable." *Id*. at 524. Where a plaintiff "state[s] a plausible claim for false arrest, his claim for illegal search incident to his arrest also may go forward." *Neita v. City of Chicago*, 830 F.3d 494, 498 (7th Cir. 2016).

Plaintiff claims that he was arrested on December 15, 2023, without probable cause or a warrant by Defendant Berns. However, Plaintiff provides no facts about the circumstances of his arrest, and his conclusory assertion that it lacked probable cause is insufficient to state a § 1983 claim. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (explaining that when reviewing the sufficiency of a complaint under the plausibility standard, courts accept the well-pleaded facts in the complaint as true, but "legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth.").

Furthermore, Plaintiff's assertion that the various state Departments refused to assist Plaintiff with the return of his private property seized incident to his arrest does not state a separate claim under the Fourth Amendment. *See Lee v. City of Chicago*, 330 F.3d 456, 466 (7th Cir. 2003) (holding that "[o]nce an individual has been meaningfully dispossessed, the seizure of the property is complete" and "[t]he amendment cannot be invoked by the dispossessed owner to regain his property"); *see also Gonzales v. Village of West Milwaukee*, 671 F.3d 649, 660 (7th Cir. 2012) ("*Lee*'s holding that a seizure occurs upon the initial act of dispossession does not depend on the legality of the seizure" and that

the "retention of unlawfully seized property is not a separate Fourth Amendment wrong); *Holstein v. City of Chicago,* 29 F.3d 1145, 1149 (7th Cir. 1994) (dismissing plaintiff's substantive-due-process challenge to city's post-tow administrative proceedings because "to properly allege a violation of substantive due process, the plaintiff must at least show 'either a separate constitutional violation or the inadequacy of state law remedies.'") (quoting *New Burnham Prairie Homes v. Village of Burnham*, 910 F.2d 1474, 1481 (7th Cir. 1990)).

Plaintiff also does not state a plausible claim against Defendant Rowe for performing his duties as the Kankakee County State's Attorney, as "state prosecutors enjoy absolute immunity from suits under § 1983 for activities that are 'intimately associated with the judicial phase of the criminal process.'" *Foreman v. Wadsworth*, 844 F.3d 620, 624 (7th Cir. 2016) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017) ("Prosecutors are absolutely immune for actions they undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause."); *see also Katz-Crank v. Haskett*, 843 F.3d 641, 647 (7th Cir. 2016) (concluding that indicting a person without probable cause, acting maliciously, refusing to consider exonerating evidence, presenting false evidence to a grand jury, and delaying trial "encompass prosecutorial acts or omissions for which . . . prosecutors enjoy absolute immunity.").

Plaintiff also does not state a claim against Defendants I. Sneed or J. Sneed for their alleged involvement in his prosecution, as the State's Attorney has exclusive decision-making authority over criminal prosecutions. *See Spiegel v. Rabinovitz*, 121 F.3d 251, 257

(7th Cir. 1997) ("Under Illinois law, the State's Attorney, as a member of the executive branch of government, is vested with exclusive discretion in the initiation and management of a criminal prosecution, which includes "the determination of which charges will be brought.").

To the extent Plaintiff is attempting to plead a constitutional violation against Defendants Payton and J. Sneed for the events alleged to have taken place in late November or early December 2023, neither Payton's presence when Plaintiff applied for State aid nor J. Sneed's receipt of funds establishes a constitutional violation. The reasonable inference to be drawn from those facts is that Plaintiff is providing context for what occurred on December 11, 2023, when J. Sneed allegedly directed Defendants Brown, Smith, and Steele to remove the Township's water service equipment at the residential property Plaintiff did not own and intended to vacate.

Although "[s]ubstantive due process claims can address harmful, arbitrary acts by public officials … such claims must meet a high standard, even when the alleged conduct was abhorrent, to avoid constitutionalizing every tort committed by a public employee." *Geinosky v. City of Chicago*, 675 F.3d 743, 750 (7th Cir. 2012) (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 846, 854 (1998) (tactics in high-speed chase not redressable under section 1983 even though they unintentionally resulted in fleeing suspect's death).

"When a plaintiff brings a § 1983 claim under the Due Process Clause, 'the question is whether an executive abuse of power shocks the conscience.'" *Holloway v. Delaware Cty. Sheriff*, 700 F.3d 1063, 1069 (7th Cir. 2012) (quoting *Armstrong v. Squadrito*, 152 F.3d 564, 570 (7th Cir. 1998)). "There is no clear-cut analysis to determine what constitutes

'conscience-shocking' conduct…." *Fox v. Hayes*, 600 F.3d 819, 841 (7th Cir. 2010) (quoting *Rochin v. California*, 342 U.S. 165, 172 (1952)). "For example, on the one hand, forcing an emetic down a person's throat to forcibly extract evidence from a suspect's stomach shocks the conscience, but on the other hand, lying to, threatening, or insulting a suspect does not." *Id.*

Plaintiff's assertion that Defendant J. Sneed instructed Defendants Brown, Smith, and Steele to appear at the property at issue, where they arrived in unmarked vehicles, failed to identify themselves as Township employees, and removed the city's water equipment servicing the property does not satisfy this mentioned standard for a substantive due process claim. Thus, Plaintiff does not state a plausible claim against Brown, Smith, J. Sneed, and Steele.

After damage occurred to the vehicle driven by Defendant Brown, Plaintiff saw Defendants Adams, Banuelos, and Luft carrying "loaded assault rifles." (Doc. 1 at 7.) However, Plaintiff's observations, without more, do not establish a constitutional violation. Additionally, Plaintiff's remaining assertions that Adams, Banuelos, and Luft falsified reports and suppressed evidence are conclusory assertions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (advising that pleadings that offer "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement" are insufficient to state a plausible claim).

Plaintiff's assertion that Defendant Circuit Clerk Sandra Cianci concealed the motion for hardship Plaintiff acknowledges was filed is belied by the state court record. The Court's review of cases 23CF879 and 23CF880 shows that Plaintiff filed an emergency

motion for hardship in both cases on December 22, 2023, the day after Plaintiff's criminal cases were opened.

At a hearing held on December 22, 2023, the state court appointed the same public defender to represent Plaintiff in cases 23CF879 and 23CF880. During the hearing in case No. 23CF879, the court addressed Plaintiff's motion, noting that it was filed before the court appointed counsel to represent Plaintiff in his criminal cases. The court directed Plaintiff's counsel to review the filing and, if warranted, renew the motion. The motion was not renewed in either case. Thus, on this record, Plaintiff fails to state a plausible claim against Defendant Cianci.

Plaintiff also does not state a claim against the Township. *See Snyder v. King*, 745 F.3d 242, 246 (7th Cir. 2014) ("Section 1983 only permits an individual to sue a 'person' who deprives that individual of his or her federally guaranteed rights under color of state law.").

Consequently, Plaintiff's Complaint (Doc. 1) is dismissed for failure to state a claim for relief. However, if Plaintiff believes he can revise his pleading to state a cause of action, he may file a Motion for Leave to File an Amended Complaint. If Plaintiff elects to file an amendment, the pleading must be attached to his motion for leave.

The Court does not accept piecemeal amendments. Plaintiff's claims must stand independently without reference to his initial filing and contain all claims against all defendants. Plaintiff must specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a

defendant was personally responsible for the deprivation of a constitutional right.").

The Court informs Plaintiff that any attempt to join unrelated claims and defendants is not permitted. *See* Fed. R. Civ. P. 20(a)(2). In other words, multiple claims against a single defendant are allowed, but "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007).

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Complaint (Doc. 1) is DISMISSED for failure to state a federal claim on which relief may be granted as required by 28 U.S.C. § 1915A(b)(1).**

2) **The Court GRANTS Plaintiff leave to file an Amended Complaint within thirty days of the entry of this order and in compliance with the Court's guidance. If Plaintiff does not submit an amendment on or before the thirty-day deadline, the Court will dismiss Plaintiff's case without prejudice.**

ENTERED October 21, 2026.

s/ *Colleen R. Lawless*

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE